EDWARD A. COX, PLAINTIFF - RESPONDENT, v. BOND TRANSPORTATION, INC., DEFENDANT - APPELLANT, AND MANUEL MC CASKILL, DEFENDANT-RESPONDENT.

MICHAEL F. MURPHY, BY HIS GUARDIAN *AD LITEM*, IRIS F. MURPHY AND DENNIS MURPHY, PLAINTIFFS-RESPONDENTS, v. BOND TRANSPORTATION, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT, AND MANUEL MC CASKILL, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 29, 1968—Decided February 23, 1968.

Before Judges Sullivan, Foley and Leonard.

*Mr. Carroll A. Morley* argued the cause for appellant (*Messrs. Lamb, Blake, Hutchinson & Dunne,* attorneys).

*Mr. Vincent C. DeMaio* argued the cause for respondents (*Mr. Kenneth E. Joel,* attorney for respondents, Michael F. Murphy and Dennis Murphy).

The opinion of the court was delivered by

Leonard, J. A. D. In these consolidated motor vehicle negligence cases defendant Bond Transportation Inc. (Bond) appeals from those portions of a final judgment entered against it, after jury trial, for $4,000 and costs in favor of plaintiff Michael Murphy by his guardian *ad litem* and for $100,375 and costs in favor of plaintiff Edward A. Cox. Bond also appeals from the trial judge's denial of its motion for judgment *n. o. v.* or for a new trial.

At all relevant times Bond was a carrier franchised by the Interstate Commerce Commission (I.C.C.) to engage in

trucking one-way from New Jersey to New York. It's certification number was I.C.C. 15727. At the same time, defendant Manuel McCaskill was the owner of a tractor.

In February 1964 Bond entered into an oral agreement with McCaskill whereby the latter leased his tractor to Bond and agreed to operate it in Bond's trucking business "as long as there was work to be had." Pursuant thereto McCaskill hauled oil sporadically for Bond until November 30, 1964 and on a fairly steady basis from December 1964 to January 22, 1965, the date of the accident here involved.

During all that time every trip but one that McCaskill made for Bond took place entirely within the confines of the State of New Jersey. Usually, McCaskill would leave Bond's terminal in Woodbridge and proceed to Paragon Oil in Newark. After Bond's trailer (tank car) was loaded with oil he would proceed to his destination where he would discharge his load. Thereupon, he would return to Woodbridge and unload his tractor from the trailer.

The one interstate trip was made on December 12, 1964 when McCaskill carried a shipment from Brooklyn to Paulsboro, New Jersey. However, since Bond was not franchised by the I.C.C. to make this haul, the journey was made, pursuant to arrangements made by Bond, under the permit of a lawfully franchised carrier, Saldutti.

On January 22, 1965 McCaskill made five intrastate trips from Newark to Whippany, New Jersey. When he concluded his work he returned to Bond's terminal in Woodbridge and unhooked the trailer from his tractor. He then proceeded to drive his tractor to his home in Long Branch. On the way, while traveling south on Highway 35, he was in a multi-vehicle collision, involving automobiles then being driven north on said highway by plaintiffs Cox and Michael Murphy.

Thereafter plaintiffs brought actions for personal injury, property damage and consequential damages. The suits were consolidated for trial. Plaintiffs alleged that Bond was vicariously liable for McCaskill's purportedly negligent conduct either under a common law master-servant *respondeat supe-*

*rior* theory or by virtue of Bond's special responsibility as an I. C. C. carrier for the operations of vehicles leased by it that were used under Bond's franchise. At the conclusion of all the testimony the trial judge granted Bond's motion to dismiss the claim based upon *respondeat superior*. No cross-appeal has been taken from that ruling.

However, the court denied Bond's motion for a judgment of dismissal based upon the absence of a showing that McCaskill was working under Bond's I. C. C. franchise in interstate Commerce either in general or at the time of the accident. Instead, the court in its charge, and by a specific interrogatory, submitted to the jury the issue of Bond's vicarious liability.

The jury found McCaskill negligent, plaintiffs free from contributory negligence, and the requisite relationship for imposing vicarious liability upon Bond present. It awarded damages of $100,375 to Cox and $4,000 to Murphy against both Bond and McCaskill. The latter has not appealed.

On this appeal Bond contends that as a matter of law, vicarious liability should not have been imposed upon it because McCaskill did not operate either in general, or specifically at the time of the accident, in interstate commerce under Bond's I. C. C. permit.

New Jersey does not require intrastate carriers to obtain a franchise. McCaskill indisputably was an independent contractor. Thus, unless he was operating his tractor for Bond in interstate commerce, he was not operating the vehicle "under a · governmental franchise in the field controlled thereby." *Cf. Honey v. Brown,* 22 *N. J.* 433, 439 (1956); *Trautman v. Higbie,* 10 *N. J.* 239, 244 (1952); *Felbrant v. Able,* 80 *N. J. Super.* 587, 594 (*App. Div.* 1963). See also *Restatement, Torts 2d,* § 428, *p.* 420 (1965), which applies liability only where the "activity * * * can be lawfully carried on *only* under a franchise granted by public authority * * *." (Emphasis added).

■ The record clearly indicates without contradiction that on the day of the accident and at all other times save

for the one exception previously mentioned, McCaskill was operating his tractor for Bond in intrastate commerce. Thus, we hold that he was not operating under Bond's I. C. C. franchise and that Bond as a matter of law is not vicariously liable for McCaskill's negligence in the operation of his tractor.

The fact that on one occasion, December 12, 1964, Mc-Caskill drove from Brooklyn to Paulsboro, does not alter the above conclusion. Bond was not franchised to make this trip and it was made under the permit of another lawfully franchised carrier.

Nor does the fact that the tractor, at the time of the accident, had a sign thereon reading, "Bond Trans. ICC 15725. Woodbridge, N. J." change the character of Mc-Caskill's relationship with Bond. It is to be noted that Bond's I. C. C. franchise number was 15727 and not 15725, Further, this sign was admittedly hand-written by McCaskill and was not a permanent I. C. C. decal sign issued by Bond. A tractor used in this State must display the name and residence of the owner, lessee or lessor of the vehicle. *N. J. S. A.* 39:4-46. The mere addition of an incorrect I. C. C. number to the already required information is not enough to warrant the application of the *Honey, Trautman* and *Felbrant* rule under the totality of the undisputed facts here present.

In light of all of the above, we conclude that the trial court erred in not granting Bond's motion for a judgment of dismissal on the ground that as a matter of law vicarious liability should not have been imposed upon it because of Mc-Caskill's negligence.

By reason of the foregoing conclusion it is not necessary to consider Bond's other contentions.

The judgments against Bond are reversed and the matter is remanded to the trial court with directions to enter judgments against plaintiffs and in favor of Bond. (Plaintiffs' judgments against McCaskill are not here involved and consequently are not disturbed.) No costs.